E. <u>Alteration/Modification by a Third Party[1]</u>

A product seller is not liable if third person apart from the plaintiff alters or modifies the product in a way that creates a defect, unless the product seller expected or reasonably should have expected such an alteration or modification to occur. An alteration or modification that does not substantially change the product with regard to the feature that is proven to be defective does not, however, remove the product seller's liability for the defect.

The defendant has alleged that the product was modified or altered, and that the modification or alteration resulted in the defect claimed. You must determine whether the product was modified or altered. If it was, and if the alteration or modification was the *sole* proximate cause of the harm to the plaintiff, then the defendant is not liable. For the defendant to be liable, the plaintiff must prove that the harm would have occurred notwithstanding the alteration or modification.

If there was a defect that was not caused by modification or alteration of the product, and if that defect was a substantial factor in causing the harm, then the product seller is liable even if modification or alteration also proximately caused the harm.

If you find that the product was modified or altered, and that the modification or alteration was the sole proximate cause of the injury to the plaintiff, the plaintiff may still

recover if he/she proves that the alteration or modification was 1) in accordance with the product seller's instructions or specifications, 2) was made with the product seller's consent or 3) was the result of conduct that the product seller reasonably should have anticipated.

If you find that the product was altered or modified, but that the alteration or modification was not the sole proximate cause of the harm to the plaintiff, and that the feature claimed to be a defect was also a cause, then the defendant would be liable to the plaintiff for the harm caused by the defect, even though the alteration or modification also played a part in causing that harm.

F.  Misuse by a Third Party[2]

The Act provides that the concept of alteration or modification includes a change in the use of the product from that intended by the defendant.  Therefore, the same principles that I discussed regarding alteration or modification by a third party apply to misuse by a third party.

The defendant has alleged that the product was misused by a third party, and that this misuse resulted in the plaintiff's injury. You must determine whether the product was misused. If you find that it was, and that this misuse was the sole proximate cause of the harm to the plaintiff, then the defendant is not liable. For the defendant to be liable, the plaintiff must prove that the harm would have occurred notwithstanding the misuse.

If there was a defect that was not caused by misuse of the product, and if that defect was a substantial factor in causing the harm, then the product seller is liable even if misuse proximately caused the harm.

If you find that the product was misused, and that this misuse was the sole proximate cause of the injury to the plaintiff, the plaintiff may still recover if he proves that the misuse was 1) in accordance with the product seller's instructions or specifications, 2) was with the product seller's consent or 3) was the result of conduct that the product seller reasonably should have anticipated.

If you find that the product was misused, but that the misuse was not the sole proximate cause of the harm to the plaintiff, and that the feature claimed to be a defect was also a cause, then the defendant would be liable to the plaintiff for the harm caused by the defect, even though the misuse also played a part in causing that harm.

### AUTHORITY

Adopted from Civil Jury Instruction 5.1, website of the Connecticut Judicial Branch - Law Libraries (http://www.jud.state.ct.us/lawlib/state.htm), *citing*, General Statutes §§ 52-572m, 52-572p; *Wagner v. Clark Equipment*, 243 Conn. 168 (1997); *Potter v. Chicago Pneumatic Tool Company*, 241 Conn. 199 (1997).

### III. **Proximate cause**

In addition to proving that the defendant was a product seller, that the product was defective in the way claimed and that the defect was present when the product left the defendant and reached the user without modification or alteration of the feature claimed to be a defect, the plaintiff must also show that the defect proximately caused the injury or loss.

The test of proximate cause is whether the claimed defect was a substantial factor in causing the accident and the resulting injuries. The evidence of proximate cause must be sufficiently clear so that you as jurors could so find without resorting to speculation or conjecture.

Another way to define it is to say that this legal terms means that the defendant's conduct must be a cause of the plaintiff's injury. A defendant's conduct is the proximate cause of an injury when it is a substantial factor in bringing about the injury. It need not be the sole cause. And even though other parties or factors contributed to the injury, each may be a substantial factor of its own.

So you must consider whether the defendant's product caused or substantially contributed to the injury of the plaintiff. As I said, a product need not be the sole cause. It is enough if it were a substantial factor among multiple factors contributing to the injury of the plaintiff. And even though several parties contribute to the injury, each party may be a

substantial factor. There may be several causes of an injury, and each may be a substantial cause.

A defendant is not relieved or responsibility merely because some other person also contributed to causing the injury. There may be more than one cause. When two or more parties by their separate acts cause an injury that otherwise might not have occurred, each party may be held responsible for the whole injury even though his act alone might not have caused the entire injury; and even though the acts are not equal in degree.

If you find that the plaintiff has not proved that a defective product designed by the defendant was a substantial factor in causing his injuries, then you would find in favor of the defendant. If you find that the plaintiff has proved that a defective product designed by the defendant was a substantial factor in causing his injuries, then you would find this issue in favor of the plaintiff.

## AUTHORITY

Adopted from *Wright & Ankerman*, <u>Connecticut Jury Instructions (Civil)</u>, § 511 (4th ed., 1993).

### IV. Comparative Responsibility

The defendant has claimed that the injuries and losses of which the plaintiff complains were caused by the plaintiff's own conduct.

If you find that the plaintiff has proved that a defect in the product designed by the defendant was a substantial factor in causing his injuries and that apart from any conduct on the part of the plaintiff only the product defect caused his injuries, your award against the defendant should be 100% of the damages that the plaintiff has proved he suffered as a result of the product defect.

If you find that the defendant is liable under the Products Liability Act but that the plaintiff was also responsible -- that is, at fault -- and that his conduct was also a substantial factor in causing his injuries, then you must determine the percentage to which each party contributed to causing the plaintiff's injuries and award against the defendant only the same percentage of the plaintiff's damages.

For example, if you find that conduct on the part of the plaintiff contributed 50% to causing the plaintiff's injuries, then the defendant would be liable for 50% of the damages suffered by the plaintiff. So if fair, just and reasonable compensation for all of the plaintiff's injuries and losses were, for example, $100, and you find that conduct on the part of the plaintiff contributed 50% to causing the plaintiff's injuries, you would render a verdict against the defendant in the amount of $50. If you find that conduct on the part of the plaintiff contributed 20% to causing the plaintiff's injuries, then the defendant would be liable for 20% of the plaintiff's damages, or $20. Please note that the percentages I have mentioned were used

simply for the sake of illustration and are not meant as any indication of how you should decide the issue of comparative responsibility in this case. Likewise, the figures I have used are just for illustration.

## **AUTHORITY**

Adopted from Civil Jury Instruction 5.3, website of the Connecticut Judicial Branch - Law Libraries (http://www.jud.state.ct.us/lawlib/state.htm), *citing*, General Statutes § 52-572o; *Elliot v. Sears Roebuck & Co.*, 229 Conn. 500 (1994); *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. 509 (1989); *Malerba v. Cessna Aircraft Co.*, 210 Conn. 189 (1989).

### **V. Damages**

The rule is that, insofar as money can do it, Andrew Monteith, Jr. is entitled to recover fair, just and reasonable compensation for the injuries and the pain and suffering he has sustained. It is for you, in the exercise of your best judgment, to say what is fair, just and reasonable compensation. There is no fixed rule or formula for you to apply. It is a matter of sound common sense at arriving at the amount of the award. You should address the following categories in arriving at what you believe to be a fair, just and reasonable amount of money to award Andrew Monteith, Jr.:

Damages fall under two general categories. The first category is referred to as "special" or "economic" damages and relates to those damages such as the cost of reasonable and necessary

medical care. The second category of damages is "non-economic" damages and generally refers to compensation for all non-monetary losses such as physical pain and suffering, mental and emotional suffering, permanent impairment and loss of life's enjoyment.

### A.  Medical Bills

### 1.  Past Medical Bills

Medical bills fall under a category we refer to as "special" or "economic" damages. Certain medical bills alleged to have been incurred by the plaintiff were placed into evidence in this case. If you find that these medical bills are of a reasonable amount and were made necessary by the plaintiff's injuries, and if you arrive at a plaintiff's verdict, you are to award the full amount of these medical bills as an item of damages regardless of whether they may have been paid by some other source.

### 2. Future Medical Bills

You have also heard evidence in this case regarding the issue and cost of future surgery. If you find that it is reasonably probable that Andrew Monteith, Jr. is a candidate for future surgery then you are to award an amount of money equal to the reasonable cost of such surgery according to the evidence you have heard.

The following categories of damages fall under what is referred to as "non-economic" damages:

B.  Physical Pain and Suffering

This begins the first of those categories referred to as "non-economic"damages. Andrew Monteith, Jr. is entitled to recover damages for the physical pain and suffering that he has sustained or may in the future sustain as a result of the injuries caused by the conduct of the defendant.  In this regard, you may consider the testimony you have heard in the trial regarding pain and suffering.  In making an award for physical pain and suffering, you should also consider whether it is reasonably probable that Andrew Monteith, Jr. will continue to suffer physical pain as a result of his injury; if so, your award should take into account damages for future, as well as for the past and present physical pain and suffering.  See *Alderman v. Kelly*, 130 Conn. 98, 100 (1943).

C.  Mental Suffering

Mental suffering is as proper an element of damages as is physical suffering when it is accompanied by physical injury and when it is a natural and proximate consequence of the physical injury.  To the extent that you find that Andrew Monteith, Jr. has suffered or is reasonably expected to continue to suffer anxiety or frustration over the fact that he is injured, and this injury was proximately caused by the conduct of the defendant, then you are to award

an amount of money to fairly, justly and reasonably compensate Andrew Monteith, Jr. for this past and future mental suffering.  See *Wright & Ankerman* at § 240.

D.  Permanent Impairment

You have heard evidence that Andrew Monteith, Jr. has sustained a permanent injury as a result of the conduct of the defendant by which it is reasonably anticipated that he will continue to be affected for the rest of his life.  I instruct you that if you find it reasonably probable that the plaintiff has suffered a permanent physical impairment, recover is not limited merely to damages for physical pain and suffering and mental suffering.  You should compensate Andrew Monteith, Jr. for such permanent injury or physical impairments as you find that he sustained and is reasonably likely to suffer in the future.  In short, you are to determine a fair, just and reasonable amount of money to award Andrew Monteith, Jr. for the injury to which the evidence supports is of a permanent nature.  When contemplating such damages you should also take into account the life expectancy of the plaintiff, which for the purposes of your deliberations you should consider to be 66 years. See *Goldnick v. Sinclair*, 124 Conn. 36, 38-39 (1938); *Wright & Ankerman*, Connecticut Jury Instructions (Civil), (4th Ed.) § 233.

E.  Disfigurment

You have heard evidence and seen that Andrew Monteith, Jr. has a disfiguration of the left foot which is reasonably likely to exist for the rest of his life. I instruct you that if you find it reasonably probable that the plaintiff has suffered a disfigurement, recovery is not limited merely to damages for physical pain and suffering and mental suffering. You should compensate Andrew Monteith, Jr. for such disfigurement as you find that he sustained and is reasonably likely to remain in the future. In reaching this decision you should consider any reasonable probability that the scar will be less noticeable as time goes by; any self-consciousness or anguish which the plaintiff has suffered and is reasonably likely in the future to suffer; the extent to which his interpersonal relationships have been and may continue to be affected by this permanent condition and whether by reason of this condition he has been or may become the object of ridicule or curiosity. In short, you are to determine a fair, just and reasonable amount of money to award Andrew Monteith, Jr. for the disfigurment which the evidence supports is of a permanent nature. When contemplating such damages you should also take into account the life expectancy of the plaintiff, which for the purposes of your deliberations you should consider to be 66 years. See *Goldnick v. Sinclair*, 124 Conn. 36, 38-39 (1938); *Wright & Ankerman*, Connecticut Jury Instructions (Civil), (4th Ed.) § 233.

F. Loss of Life's Enjoyment

Separate from damages you are to consider for any permanent injury you should also determine a fair, just and reasonable amount of damages to compensate Andrew Monteith, Jr. for the effect of any permanent injury has and is reasonably and probable to continue to have upon his life. This would include compensating the plaintiff for his inability to engage in certain activities either at all or to the extent he could before the incident. Again, Andrew Monteith, Jr. is entitled to be compensated for the effects of any permanent injury which he would reasonably be expected to suffer from over the period of his life, which again, for purposes of your deliberations, you should consider to be 66 years. See *Goldnick v. Sinclair*, 124 Conn. 36, 38-39 (1938); *Wright & Ankerman*, Connecticut Jury Instructions (Civil), (4th Ed.) § 233.

**Note:  The plaintiff reserves the right to amend or supplement the above.**

### B. DEFENDANT'S PROPOSED JURY INSTRUCTIONS:

### JURY INSTRUCTION # 1

### BURDEN OF PROOF

In this case, the burden rests upon the plaintiffs to prove the necessary allegations of the complaint by a fair preponderance of the evidence. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913); *Fay v. Hartford and Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). It is not the responsibility or duty of the defendant to

disprove any of those allegations.  If you do not find that a fact alleged by the plaintiffs has been proven by a fair preponderance of the evidence, you do not find it to have been proven at all, and you are not to consider it in reaching your verdict. The burden of proof imposed by law upon the plaintiffs requires that you remove from your consideration such matters as are mere guesses or speculations. *Donovan v. Connecticut Company,* 84 Conn. 531, 534, 80 A. 779 (1911).   You are not at liberty to surmise, speculate or guess as to the material facts of this case. *Fay v. Hartford and Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). They must be proven to you by a fair preponderance of the evidence.  If it happens that the evidence as to any fact or issue is evenly balanced so that you cannot say that it inclines either one way or the other, there would be no fair preponderance of the evidence as to the fact in issue, and you would not find it to have been proven by the plaintiff. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913).

## JURY INSTRUCTION #2

## CORPORATIONS AS DEFENDANTS

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations like the defendants are entitled to the same fair trial at your hands as any private individual. The defendant corporations should be given the same fair and equal treatment as you would give to any individual. All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice. Wright & Daly, *Connecticut Jury Instructions* §231(e).

## JURY INSTRUCTION #3

## SYMPATHY OR PITY

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Were you, for example, to deny a plaintiff recovery simply because of her physical appearance, or were you to impose liability upon a defendant simply because it is a corporation, you would shirk your sworn duty under the law. The court, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach

a just verdict free from personal sympathies or prejudice. *Gigliotti v. United Illuminating Co., 151* Conn. 114, 121, 193 A.2d 718 (1963).

## JURY INSTRUCTION #4

## PRODUCT LIABILITY

The claim the plaintiff makes in this case is that the defendant is liable to him under the Connecticut Product Liability Act. In order to prove a claim under the Connecticut Product Liability Act, the plaintiff must prove all of the following things:

(1) the defendant was a "product seller," within the terms of the statute;

(2) the product was in a defective condition unreasonably dangerous to the consumer or user;

(3) the defect caused the injury for which compensation is sought;

(4) the defect existed at the time of sale; and

(5) the product was expected to and did reach the consumer without substantial change in condition.

Restatement (Second) of Torts §402A; *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn 199, 694 A.2d 1319 (1997). *Vitanza v. Upjohn Co*, 257 Conn. 365, 374; 778 A.2d 829, 836-837 (2001).

**Product seller**

The parties have stipulated, or agreed, that the defendant is a product seller.

**Existence of a defect**

The condition that the plaintiff claims is a product defect is that the lawn mower design did not include a guard to prevent a child from sliding his foot under the mowing deck and coming into contact with the blade. In order to prove that the product was defective, the plaintiff must prove that the condition that is claimed to be a defect made the product unreasonably dangerous. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn 199, 694 A.2d 1319 (1997); Conn. Civil Jury Instructions Product Liability ¶5-1. In determining whether there was a defect or not you are instructed that a condition is unreasonably dangerous so as to constitute a defective condition when it is so dangerous that a reasonable person would not sell the product if he knew of the risks involved. *Welch v. Outboard Marine Corp.*, 481 F.2d 252, 253 (5th Cir. 1973). To put it another way, a product is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics. *Wagner v. Clark Equipment Co., Inc.,* 243 Conn. 168, 189, 700 A.2d 38 (1997); *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. 199, 214-15, 694 A.2d 1319 (1997); *Welch v. Outboard*

*Marine Corp.,* 481 F.2d at 253; *Slepski v. Williams Ford, Inc.,* 170 Conn. 18, 20, 364 A. 2d 175 (1975); Restatement (Second) of Torts §402A, Comment i.

The plaintiff claims, in effect, that an ordinary consumer would expect that there would be a guard preventing a child from sliding his foot under the mowing deck and coming into contact with the blade. In determining what an ordinary consumer would reasonably expect, you should consider the usefulness of the product, the likelihood and severity of the danger posed by the design, the feasibility of an alternative design, the financial cost of an improved design, the ability to reduce the product's danger without impairing its usefulness or making it too expensive, and the feasibility of spreading the loss by increasing the product's price and such other factors as the claimed defect indicate are appropriate. *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. at 220, 221 n.15; 694 A.2d at 1333, 1333 n.15; Conn. Civil Jury Instructions Product Liability ¶5-1.

A product seller, under Connecticut law, is not subject to product liability unless the plaintiff establishes by fair preponderance of the evidence that the product was defective and unreasonably dangerous at the time of sale. *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. at 215, 221 n.15; 694 A.2d at 1330, 1333 n.15. Thus, the seller of a product does not guarantee that no one will ever be injured while using its product, and a product seller is not liable for injuries simply because those injuries occurred during the use of its product. Product liability is

not absolute liability. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. at 210; 694 A.2d at 1328. All that a seller is required to do is to make a product that is free from defective and unreasonably dangerous conditions at the time of the sale. *Guglielmo v. Klausner Supply Co.*, 158 Conn. 308, 316, 259 A.2d 608 (1969).

In deciding whether the plaintiffs have established, by a fair preponderance of the evidence, that the MTD lawn mower was in a defective and unreasonably dangerous condition at the time of sale, you are instructed that you may not conclude that the product was defective from the mere fact that an accident happened for which the plaintiffs claim damages. Product-related accidents may occur even in the absence of defect. The defendants are under no duty to sell products that are accident-proof. In addition, I instruct you that, if you find that the product was used without incident for a considerable amount of time, you may infer that the product was not defective at the time it was sold or manufactured. This inference can be negated only if you find that the plaintiff has proven, by a fair preponderance of the evidence, that the defect in question in fact existed at the time the lawn mower was manufactured by the defendant. *Liberty Mutual Insurance Co. v. Sears, Roebuck & Co.*, 35 Conn. Sup. 687, 693, 406 A.2d 1254, 1257 (Conn. App. Ct. 1979), *cert. denied*, 177 Conn. 754 (1979). American Law of Products Liability 3d., §§ 3:12, 3:15, 3:16 (Ed. 1987). Products Liability: *Proof, Under Strict Tort Liability Doctrine, That Defect Was Present When Product Left Hands of Defendant*, 54

A.L.R.3d 1079, §2 [b]. Therefore, unless the plaintiff establishes, by a fair preponderance of the evidence, that the product was in a defective condition unreasonably dangerous at the time the defendants originally sold the product and parted with possession of it, you must return your verdict for the defendants. *Slepski v. Williams Ford, Inc.,* 170 Conn. 18, 20, 364 A. 2d 175 (1975); *Welch v. Outboard Marine Corp.,* 481 F.2d 252, 254 (5th Cir. 1973); *VanDorpe v. Koyker Farm Implement Co.,* 427 F.2d 91, 94 (9th Cir. 1970); *Elliott v. LaChance,* 109 N.H. 481, 256 A.2d 153, 156 (1969); *Cortois v. General Motors,* 37 N.J. 525, 182 A.2d 545, 554 (1962).

If you find that the lawn mower in this case was in a dangerous condition, you must, then, determine whether the lawn mower was unavoidably dangerous. If you find that the lawn mower was unavoidably dangerous, and that the defendant provided warnings and/or instructions that were adequate to warn users of the danger and how to avoid it, then the plaintiff has not proven that the lawn mower was unreasonably dangerous. *Vitanza v. Upjohn Co*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837 (2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.,* 486 A.2d 712, 721 (D.C. App. Ct. 1985).

In determining whether the lawn mower is unavoidably dangerous, you should consider whether, in the state of human knowledge at the time of the manufacture of the lawn mower, there was an adequate way to render the mower safe for its intended use without impairing its

usefulness.  Restatement (Second) of Torts 402A comment k.  In this case, you must decide whether there was an adequate, feasible way to guard against a child sliding his foot under the mowing deck and coming into contact with the mowing blade, without making the mower less functional; that is, less effective at cutting grass.  If you find that there is no feasible way to guard against a child sliding his foot under the deck and coming into contact with the blade without making the mower less functional, then you must find that the mower is unavoidably dangerous.  Restatement (Second) of Torts 402A comment k.

You should also consider that the defendant has asserted a defense to the plaintiff's claims in this case called "state of the art".

State of the art is defined as the level of scientific and technological knowledge existing at the time the product in question was designed for manufacture.  *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 247 694 A.2d 1319, 1347 (Conn. 1997). In designing or producing a product, a manufacturer cannot be held to standards which exceed the limit of scientific advances and technology that exist at the time of manufacture. A manufacturer cannot be charged with the duty to incorporate technology that was not available at the time that it manufactured its product. State-of-the-art evidence is based on technology that existed at the time the product was placed on the market rather than at the time of the injury or at the time of trial.

Under Connecticut law, state of the art is a valid defense to claims based on failure to warn as the law does not impose an obligation on the defendant to warn users of unknown risks. *Tomer v. American Home Products Corp.*, 170 Conn. 681, 687, 368 A.2d 35 (1976).

In addition, under Connecticut law, you may consider the state-of-the art in determining whether a product is defective and unreasonably dangerous due to a defective design. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. at 247; 694 A.2d at 1347; 2 American Law of Products Liability 3d. § 30:50.

Thus, if you find that the defendants' lawn mower was designed and manufactured in accordance with the state of the art existing at the time of manufacture, then the lawn mower is not defective due to lack of warning and you must find for the defendants on that claim. On the other hand, if you find that they had actual knowledge of problems in the design and failed to warn of the danger, then they may be held liable with respect to the claim of failure to warn.

Likewise, if you find that the defendants' lawn mower was designed and manufactured in accordance with the state of art existing at the time of manufacture, then this is a valid factor to be considered in determining the reasonableness of the design or whether the product was dangerous beyond the expectations of the ordinary consumer, or whether the mower was unavoidably dangerous. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. at 247; 694 A.2d at 1347; 2 American Law of Products Liability 3d. §30:50.

If you find that the mower was unavoidably dangerous, you must decide whether the defendant provided warnings or instructions adequate to warn users of the danger and avoid it. If you find that the warnings were adequate, then the plaintiff has not met his burden of proving that the product was defective. *Vitanza v. Upjohn Co*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837(2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.*, 486 A.2d 712, 721 (D.C. App. Ct. 1985). If you find that the mower was unavoidably dangerous, but that the defendant failed to provide warnings, or that the warnings provided were not adequate, then you may find that the plaintiff has met his burden of proving that the product was defective.

In determining whether the defendant adequately warned of the danger, I instruct you that there is no dispute that the defendant in this case did provide warnings and instructions for the lawn mower involved in this case. You must decide whether those warnings and instructions were adequate. The plaintiff claims that the defendant did not provide adequate warnings or instructions to advise users of the product that they would have to do certain things to avoid being injured by using the product. Failure to provide adequate warnings or instructions, where they are necessary, constitutes a product defect for which a product seller is liable under the Connecticut Product Liability Act. *Haesche v. Kissner*, 229 Conn. 213, 218, 640 A.2d 89, 92

(1994); *Tomer v. American Home Products Corp.*, 170 Conn. 681, 689, 368 A.2d 35(1976);

*Giglio v. Connecticut Light & Power Co.*, 180 Conn. 230, 235, 429 A.2d 486 (1980).

You must decide whether a warning was necessary and, if it was, whether the warning was

adequate.  In deciding whether a warning was necessary, you may consider:

- the likelihood that the product would cause the harm suffered by the plaintiff;

- the ability of the product seller to anticipate, at the time the product seller put the

  product into the stream of commerce, that the expected product user would be aware of

  the risks involved in using the product and the nature of the potential harm;

- the technological feasibility and cost of warnings and instructions

Conn. Gen. Statutes § 52-572q(a).

A product seller has a duty to warn of hidden dangers in the use of a product in the

ordinary, customary way.  A product seller also has a duty to warn of dangers that may result

from misuses of a product if the misuse is of a type that the product seller reasonably should

foresee.  Conn. Gen. Statutes § 52-572q; Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller does not have a duty to provide a warning as to a danger that is obviously

involved in the customary, ordinary use of the product or that is obviously present if the

product is misused.    Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller is not liable for failure to warn of risks that were not known to it or that it could not reasonably have foreseen at the time it put the product into the stream of commerce. Conn. Civil Jury Instructions Product Liability ¶5.2.

Where the product seller has provided a warning, it may only be liable if the warning provided is not adequate to advise the ordinary user of the nature and extent of any danger associated with the reasonably anticipated use, or with the reasonably anticipated misuse of the product. In assessing whether the warning that has been provided is adequate, you should consider whether the danger is one that is obvious to a user and whether the warning is placed with proper prominence in relation to the risk to which the warning applies. To be adequate, a warning must be devised to communicate with the person best able to take or recommend precautions against the potential harm. Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller that provides an adequate warning is entitled to presume that such a warning will be heeded by the user, and if the product is safe for use so long as the warning is heeded, the product is not defective. Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller is not liable for failure to provide a warning if the plaintiff is aware of the danger. *Haesche v. Kissner*, 229 Conn. 213, 222, 640 A.2d 89, 93 (1994); Conn. Civil Jury Instructions Product Liability ¶5.2.

**Absence of substantial change**

As I have instructed you, the plaintiff must prove, by a fair preponderance of the evidence, that the feature or condition that is claimed to be a defect or to make the product defective, existed at the time that the product left the defendant, and that the product was expected to reach the user without substantial change in condition as to the feature claimed to be a defect, that the product did, in fact, reach the ultimate user without substantial modification, and that the same feature or condition existed, without substantial alteration, at the time of the accident. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913); *Fay v. Hartford and Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). It is not the responsibility or duty of the defendant to disprove this, or any other allegation. If you do not find that the plaintiff has proven this allegation by a fair preponderance of the evidence, you do not find it to have been proven at all, and you are not to consider it in reaching your verdict. The burden of proof imposed by law upon the plaintiff requires that you remove from your consideration such matters as are mere guesses or speculations. *Donovan v. Connecticut Company,* 84 Conn. 531, 534, 80 A. 779 (1911*)*. Conn. Gen. Stat. §52-572p(a); *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. 199, 233-34, 694 A.2d 1319 (1997).

A product seller is not liable if another person alters the product in a way that creates a defect, unless the product seller expected or reasonably should have expected such an alteration to occur.   Conn. Gen. Stat. §52-572p(a).

If you find that the plaintiff has failed to prove that the product was not modified or altered, and that the modification or alteration was not the sole proximate cause of the injury to the plaintiff, the plaintiff may still be entitled to recover, but only if he proves that the alteration or modification was 1) in accordance with the product seller's instructions or specifications, 2) was made with the product seller's consent or 3) was the result of conduct that the product seller reasonably should have anticipated. Conn. Gen. Stat. §52-572p. If the plaintiff fails to prove that the product was not modified, or that it was modified, but was modified in one of the three ways I have just described, then the plaintiff has not met his burden of proving that the lawn mower was defective, and you must find for the defendant.

If the plaintiff proves that the product was altered or modified, but that the alteration or modification was not the sole proximate cause of the harm to the plaintiff, and proves that the feature claimed to be a defect was also a cause, then the defendant would be liable to the plaintiff only to the extent of the harm caused by the defect, even though the alteration or modification also played a part in causing the harm.  Conn. General. Stat. §52-572o-52-572p; Conn. Civil Jury Instructions Product Liability-Misuse of Product ¶5-4;

## JURY INSTRUCTION #5

## <u>PRODUCT LIABILITY – MISUSE OF A PRODUCT</u>

The defendant has raised the defense that the harm suffered by the plaintiff was caused by misuse of the lawn mower.  Specifically, the defendant alleges that the plaintiff's injuries and losses were caused by the improper use of the lawn mower by the parents in failing to follow warnings and instructions regarding its use, as well as failing to avoid an obvious danger that was known to them.  If you find that the parents' misuse of the lawn mower was the proximate cause of plaintiff's damages, then the defendants are not legally responsible for those injuries, and you should return your verdict for the defendants. General Statutes §52-572l; *Norrie v. Heil* Co., 203 Conn. 594, 600-601, 525 A.2d 1332 (1987).

A person misuses a product if he uses it in a manner or for a purpose that is beyond or outside the normal use for which the product was designed or intended and that was not reasonably foreseeable to the seller.  *Hoelter v. Mohawk Service, Inc.*, 170 Conn. 495, 517, 365 A.2d 1064 (1976).

A person also misuses a product if he uses it in a manner than is contrary to the warnings or instructions provided with the product.  A seller of a product has the right to expect that users or consumers will read and follow instructions pertaining to the use thereof, and the failure to follow clear and unambiguous instructions and warnings is itself a misuse of the

product which absolves the defendant of liability. *Vitanza v. Upjohn Co.*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837(2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.*, 486 A.2d 712, 721 (D.C. App. Ct. 1985).

## JURY INSTRUCTION # 6

## LEGAL CAUSE

If you find that the defendant's product was defective in the way alleged in the plaintiff's complaint, you must next decide if the defective product was a legal cause of any of the plaintiff's claimed damages. Legal cause has two components: cause in fact and proximate cause. *Doe v. Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (1989).

## JURY INSTRUCTION #7

## CAUSE IN FACT

A cause in fact is an actual cause. The test for cause in fact is simply, "Would the injury have occurred were it not for the defendant's defective product?" *Doe v. Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (Conn. 1989). If your answer to this question is "yes," then the defendant's defective product was not a cause in fact of the plaintiff's injuries. *Shaughnessy v. Morrison,* 116 Conn. 661, 666, 165 A.2d 553 (1933).

## JURY INSTRUCTION #8

## PROXIMATE CAUSE

A defective product is a proximate cause of an injury if it was a substantial factor in bringing the injury about. Conn. Civil Jury Instructions Proximate Cause-Definition ¶2.31; *Pilon v. Alderman*, 112 Conn. 300, 301, 152 A.157 (1930).

**SUBSTANTIAL FACTOR:**

A defective product is a substantial factor in bringing about an injury if it contributes materially to the production of the injury. Conn. Civil Jury Instructions Proximate Cause-Substantial Factor ¶2.32; *Smiroff v. McNerney*, 112 Conn. 421, 424-26, 356 A.2d 91 (1930); *Coogan v. Aeolian Co.*, 87 Conn. 149, 156, 87 A. 563 (1913), *Mahoney v. Beatman*, 110 Conn. 184, 198-99, 174 A. 762 (1929).

A defective product contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury, or at least until the setting in motion of the final active injurious force which immediately produces or precedes the injury. *Ferndale Dairy, Inc. v. Geiger,* 167 Conn. 533, 538, 356 A.2d 91 (1975). By this definition, something which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the injury. *Smiroff v. McNerney*, 112 Conn. 421, 424-26, 152 A.2d 399 (1930).

## PROXIMATE CAUSE – MULTIPLE CAUSES:

Under the definitions I have given you, a defective product can be a proximate cause of an injury if it is not the only cause, or even the most significant cause of the injury, provided it contributes materially to the production of the injury, and thus is a substantial factor in bringing it about. Conn. Civil Jury Instructions Proximate Cause-Multiple Causes ¶2.33; *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936); *Mahoney v. Beatman*, 110 Conn. 184, 197, 147 A.2d 762, 767 (1929); Restatement (Second) of Torts § 439. Therefore, when a defendant's defective product design combines together with one or more other causes to produce an injury, it may be a proximate cause of the injury only if its contribution to the production of the injury, in comparison to all other causes, is material or substantial. *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936).

When, however, some other cause (or causes) contribute(s) so powerfully to the production of an injury as to make the defendant's contribution to the injury merely trivial or inconsequential, the defendant's contribution must be rejected as a proximate cause of the injury, for it has not been a substantial factor in bringing the injury about. *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936). In this case, the defendant asserts that it did not legally cause the plaintiff's injury because another cause, proceeding entirely from an independent source, intervened to produce that injury after the defendant's own alleged act(s)

had already occurred. In particular, the defendant claims that the plaintiff's injury was legally caused by the plaintiffs' parents' allowing the plaintiff to play near and around the lawn mower during operation, notwithstanding warnings and instructions against such practice, and their failure to follow warnings and instructions regarding the safe use of the lawn mower and failure to prevent the plaintiff from playing near or around the operating lawn mower.

### PROXIMATE CAUSE – INTERVENING CAUSE:

Conduct can be a proximate cause of an injury, even if it is not the nearest or the most immediate cause of the injury. Thus, when the act of a third person or some other intervening cause operates actively to produce the injury after the defendant's act or omission has been committed, the defendant's act or omission is a proximate cause of the injury only if the following, two part test is satisfied:

First, the defendant's conduct must have been a substantial factor in bringing about the plaintiff's injury. That is, as I previously instructed you, a defective product is a substantial factor in bringing about an injury only if it contributes materially to the production of the injury.

Second, the plaintiff's injury must have been harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated. To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff

need not prove that the defendant actually foresaw or should have foreseen the extent of the

harm suffered or the manner in which it occurred. Instead, the plaintiff must prove that it is a

harm of the same general nature as that which a reasonably prudent person in the defendant's

position should have anticipated, in view of what the defendant knew or should have known at

the time of the negligent conduct.  In deciding whether the plaintiff's injury was reasonably

foreseeable, you should consider, as I previously instructed you, that a product seller that

provides an adequate warning is entitled to presume that such a warning will be heeded by the

user, and if the product is safe for use so long as the warning is heeded, injury would not

occur.  *Fleming v. Garnett*, 231 Conn. 77, 86, 646 A.2d 1308 (1994) (citing *Doe v. Manheimer*,

212 Conn. 748, 758 (1989)); Conn. Civil Jury Instructions Proximate Cause-Intervening Causes

¶2.34.

## JURY INSTRUCTION #9

## **DAMAGES**

If you find that the plaintiff has proven his case under the laws which I have given you

then you may award damages. You should not consider the fact that I am instructing you on the

subject of damages as any indication from me that you should award damages.  I am merely

instructing you on the law in the event you do find the defendant liable in this case.  It is for

you to decide whether the plaintiff has proven their case and established liability for the defendant, and you should not be influenced in any way by my instructing you on damages. If you do find the plaintiff has proven his case under the laws which I have given you, then, the plaintiff is entitled to recover only fair, just, and reasonable compensation. It is not proper for you, the jury, in considering the question of damages, to attempt to be generous or punitive rather than fair and reasonable. *Rosa v. American Oil Company,* 129 Conn. 585, 589-90, 30 A.2d 385 (1943).

The rule of damages is as follows: Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendant's proven defective product. Conn. Civil Jury Instructions Damages ¶2.40(a). Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for its conduct, but to compensate the plaintiff for his resulting injuries and losses, should you find the defendant liable. *Id.* You must attempt to put the plaintiff in the same position, as far as money can do it, that he would have been in had he not been injured by defendant's defective product. *Id.*

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he has the burden of proving his entitlement to recover

damages by a fair preponderance of the evidence. *Preston v. Keith*, 217 Conn. 12, 14, 584 A.2d 439 (1991); Conn. Civil Jury Instructions Damages ¶2.40(a). To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which he seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence. Conn. Civil Jury Instructions Damages ¶2.40(a). You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. *Id.* Your decision must be based on reasonable probabilities in light of the evidence presented at trial. *Id.* Injuries and losses for which the plaintiff should be compensated include those he has suffered up to and including the present time and those he is reasonably likely to suffer in the future as a proximate result of the defendant's conduct. *Id.* The defendant's conduct, as I previously instructed you, is only a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about. *Id.*

Once the plaintiff has proven the nature and extent of his compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. Conn. Civil Jury Instructions Damages ¶2.40(a). There is often no mathematical formula in making this determination. *Id.* Instead, you must use human experience and apply sound common sense in determining the amount of your verdict. *Id.*

In a products liability action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Conn. Civil Jury Instructions Damages ¶2.40(a).  Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendant's defective product. *Id.*   They are awarded for such things as the cost of reasonable and necessary medical care. *Id.*  Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's defective product. *Id.*  They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's pleasures.  *Id.*

I will now instruct you more particularly on economic damages. In this case, the plaintiff seeks to recover economic damages for his medical bills.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's conduct. The plaintiff must prove that the expenses he claims were reasonably necessary and were proximately caused by the defendant's defective product.  Conn. Civil Jury Instructions Damages ¶2.40(a).

In determining the amount of damages that you should award, I instruct you that the plaintiff bears the burden of proving his damages, and your award must not be based upon speculation or conjecture. *Preston v. Keith*, 217 Conn. 12, 14, 584 A.2d 439 (1991);

Let me now turn to noneconomic damages. In this case, the plaintiff seeks to recover noneconomic damages for each of the following type of non-monetary losses or injuries: pain and suffering, loss of the enjoyment of life's pleasures and permanent impairment.

A plaintiff who is injured by the defective product of another is entitled to be compensated for all physical pain and suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he proves by a fair preponderance of the evidence to have been proximately caused by the defendant's defective product. Conn. Civil Jury Instructions Damages ¶2.40(a). As far as money can compensate the plaintiff for such injuries and their consequences, you may award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he/she enjoys. Conn. Civil Jury Instructions Damages ¶2.40(a).

A person who has been injured or suffered a loss has a duty to exercise reasonable care to reduce the extent of the injuries or damages resulting from the injury and to take such steps as are reasonable to effect a cure or a reduction of their severity.  If you find that that plaintiff could have reduced his damages by using reasonable care to promote recovery and prevent aggravation of his injury, then the damages you award to the plaintiff should be reduced because of plaintiff's failure to reduce damages. Conn. Gen. Stat. § 52-572(o); *Preston v. Keith*, 217 Conn. 12, 15-16, 584 A.2d 439 (1991); *Lynn v. Haybuster Manufacturing Co.*, 226 Conn. 282, 292-93, 627 A.2d 1288 (1993).

**Defendant reserves the right to amend or supplement jury instructions.**

**[SPACE INTENTIONAL]**

## (11)  ANTICIPATED EVIDENTIARY PROBLEMS

### A.  PLAINTIFF'S MEMORANDUM
### CONCERNING EVIDENTIARY PROBLEMS

Pursuant to ¶11 of the joint trial memorandum order the plaintiff submits this memorandum concerning evidentiary problems identified through the joint trial memorandum process that could not be resolved despite good faith effort.  The plaintiff objects to the following evidence proposed by the defendant:

Exhibit 23 (Environmental Safety Notice):

The plaintiff objects to this piece of evidence on the grounds of relevance.  The alleged defect and other issues in the case have nothing to do with any environmental safety issue.

Exhibit 28 (Videotape of Exemplar Mower):

The defendant has prepared a videotape depicting an exemplar mower in three separate contexts.  The first context is outside on a grassy area and the exemplar mower is depicted in stationary fashion and then in operation; there is no accompanying narrative.  It is the plaintiff's understanding that the defendant intends to use this portion of the exhibit for demonstrative purposes as a supplement to the testimony of its liability expert as opposed to as a substantive

exhibit.  Although reserving the right to object to any question whose answer may invite

reference to the video, the plaintiff has no objection to this portion of the videotape.  The

plaintiff does, however, object to the second and third depictions of the exemplar mower

(neither of which contains any narrative).  The second depicts the mower on a flat shop bench

with the defendant's expert placing a wooden, inflexible model of a shin/ankle/shoed foot

under the mowing deck at various angles and taking corresponding measurements.  The third

depicts similar activity occurring outside on a grassy area which, upon information and belief,

is not the area where it is alleged that the incident took place.  It is the plaintiff's understanding

that the defendant intends to use these portions of the exhibit for demonstrative purposes as a

supplement to the testimony of its liability expert as opposed to as a substantive exhibit.

However, the mere fact that this exhibit may have contributed to the opinion of the defendant's

expert does not mean that the evidence can be shown to the jury.  See Rule 702 of the FEDERAL

RULES OF EVIDENCE ("Facts or data that are otherwise inadmissible shall not be disclosed to

the jury by the proponent of the opinion or inference unless the court determines that their

probative value in assisting the jury to evaluate the expert's opinion substantially outweighs

their prejudicial effect.").  The plaintiff objects on the grounds that any probative value of this

evidence does not substantially outweigh its prejudicial effect.  The probative value of this

evidence is questionable because the depicted demonstration bears only an analogous

relationship to the mechanics and circumstances of the claimed injury but its prejudicial effect is significant because a jury will be exposed visually to this depiction, which will leave a lasting impression that a curative instruction would be unlikely to temper.   In any event, the plaintiff reserves his right to object to any question whose response may include a reference to this exhibit.

Exhibit 29 (Videotape of Accident Mower):

It is the plaintiff's understanding that the defendant intends to use this exhibit for demonstrative purposes as a supplement to the testimony of its liability expert as opposed to as a substantive exhibit.  The plaintiff does not object to such a use of this exhibit, but reserves his right to object to any question whose response may include a reference to this exhibit.

**B.  DEFENDANT'S IDENTIFICATION OF ANTICIPATED EVIDENTIARY PROBLEMS:**

1.  Exhibits 14, 15 and 16: Patents.

The defendant objects to the introduction into evidence at the trial of this matter exhibits 14 (NAME), 15 (NAME) and 16(NAME).  It is anticipated that the plaintiff will offer these exhibits through Dr. Ketchman, an expert witness regarding liability, who is expected to testify that his opinions were based, at least in part, upon the patents.  Defendant objects to the introduction of the patents, themselves, as evidence.

## I. THE PATENTS' PROBATIVE VALUE DOES NOT SUBSTANTIALLY OUTWEIGH THEIR PREJUDICIAL EFFECT.

Federal Rule of Evidence 703 provides:

> "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. *Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Id.*

In this instance, the patents in question are hearsay, as they are out of court statements offered for the truth of the matter asserted.  F.R.E. 801.  As such, they would be inadmissible if not offered to support an expert opinion.  F.R.E. 802.

F.R.E. 703 "[p]rovides a presumption against disclosure to the jury of information used as the basis of an experts opinion and not admissible for any substantive purpose, when that information is offered by the proponent of the expert." *Smith v. The Islamic Emirate of Afghanistan, et. al.*, 262 F.Supp. 2d 217; 2003 U.S. Dist. LEXIS 7629 (2003); F.R.E. 703, Advisory Committee Notes, 2000 amendments; 4 Weinstein's Federal Evidence § 703.05 (quoting F.R.E. 703, advisory committee note (2000).  The rule requires an affirmative showing by the proponent that the probative value of the evidence in assisting the jury to understand the

expert opinion outweighs the prejudicial effect of the otherwise inadmissible evidence. F.R.E. 703.

In this case, Dr. Ketchman is expected to testify regarding the patents to the extent he relied on them to formulate his opinion. Therefore, the evidence the jury will need to assess Dr. Ketchman's opinions will be available to them through his testimony. The patents, themselves, contain detailed, dense, technical language and information not easily understood by laymen, and are likely to create confusion and misunderstanding on the part of the jury. This would have a prejudicial effect, in that the jury could misunderstand the import and use for which the patents are offered, which is merely to provide the basis for an expert's opinion, rather than being substantive evidence regarding the condition of the lawn mower at issue in the case. The patents, themselves, do not have such probative value in assisting the jury to evaluate the expert's opinion that it substantially outweighs their prejudicial effect. F.R.E 703; *Smith v. The Islamic Emirate of Afghanistan, et. al.*, 262 F.Supp. 2d 217; 2003 U.S. Dist. LEXIS 7629 (2003); *See Steidl v. Harley-Davidson*, 1998 U.S. App. LEXIS 1227 (2nd Cir. 1998)(Court excluded introduction of patents because there was ample evidence on the record to support the proposition for which they were offered, so the evidence was duplicative and the evidence was confusing); *See also, NAACP v. A.A. Arms, Inc. et. al.*, 2003 U.S. Dist. LEXIS

8108 (2003)(Court excluded otherwise inadmissible document relied upon by expert on the grounds that it was confusing, and had been sufficiently discussed during expert's testimony).

## CONCLUSION

The patents relied upon by the plaintiff's expert in this case should be excluded from evidence pursuant to F.R.E. 703, 801 and 802 as they are hearsay, and their probative value does not substantially outweigh the prejudicial effect of such evidence.

2. Exhibit 17, Photograph excerpted from Inside Edition videotape.

## I. THE PHOTOGRAPH CANNOT BE AUTHENTICATED.

The plaintiff is expected to offer into evidence in the trial of this matter a photograph excerpted from a video tape of an "Inside Edition" television show regarding lawn mowers. The photograph purports to show a walk-behind lawn mower with a metal bar extended from the rear of the mower out behind the mower, purporting to be a guard. Defendant objects to the admission of this photograph absent a sufficient foundation. Plaintiff will be unable to lay sufficient foundation, as no witness has been identified who can testify that they have actually seen the mower in question, and that the photograph provides a fair and accurate representation of what the mower looks like. The mower is not a production model, and is not commercially available, so no witness could have gone to a store or distributor to see an identical mower.

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

F.R.E. 602 precludes any witness from testifying regarding a matter without evidence to support a finding that the witness has personal knowledge of the matter. F.R.E. 901 requires that evidence must be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. Without a witness with sufficient personal knowledge, plaintiff will be unable to authenticate the photograph.

## II. THE PHOTOGRAPH'S PROBATIVE VALUE DOES NOT SUBSTANTIALLY OUTWEIGH ITS PREJUDICIAL EFFECT.

Federal Rule of Evidence 703 provides:

> "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. *Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.*" *Id.*

In this instance, the patents in question are hearsay, as they are out of court statements offered for the truth of the matter asserted. F.R.E. 801. As such, they would be inadmissible if not offered to support an expert opinion. F.R.E. 802.

F.R.E. 703 "[p]rovides a presumption against disclosure to the jury of information used as the basis of an experts opinion and not admissible for any substantive purpose, when that

information is offered by the proponent of the expert." *Smith v. The Islamic Emirate of Afghanistan, et. al.*, 262 F.Supp. 2d 217; 2003 U.S. Dist. LEXIS 7629 (2003); F.R.E. 703, Advisory Committee Notes, 2000 amendments; 4 Weinstein's Federal Evidence § 703.05 (quoting F.R.E. 703, advisory committee note (2000). The rule requires an affirmative showing by the proponent that the probative value of the evidence in assisting the jury to understand the expert opinion outweighs the prejudicial effect of the otherwise inadmissible evidence. F.R.E. 703.

In this situation, the photograph was purportedly relied upon by plaintiff's expert, Dr. Ketchman, in forming his opinions in this case. Dr. Ketchman is expected to testify regarding those opinions and the bases for them. Therefore, the evidence the jury will need to assess Dr. Ketchman's opinions will be available to them through his testimony. The picture, itself, will not aid the jury substantially in understanding his opinions, which he will be perfectly capable of describing without the photograph. The introduction of the photograph, however, will be prejudicial to the defense, as it will invite the jury to rely upon the evidence for improper purposes other than that for which it is offered; to demonstrate the basis of the plaintiff's expert's opinions. The jury, notwithstanding any instruction regarding the evidence, may treat it as substantive evidence regarding the condition of the lawn mower, and improperly base their verdict upon such evidence.

## CONCLUSION

The photograph does not have such probative value in assisting the jury to evaluate the expert's opinion that it substantially outweighs its prejudicial effect.  F.R.E 703; *Smith v. The Islamic Emirate of Afghanistan, et. al.*, 262 F.Supp. 2d 217; 2003 U.S. Dist. LEXIS 7629 (2003).

Putman H. Perry, Esq., Bar No.  CT 14257
Attorney for Defendant
MTD Products, Inc.
ROME MCGUIGAN SABANOSH, P.C.
One State Street, 13th Floor
Hartford, Connecticut 06103
Telephone: 860-493-3524
Facsimile: 860-724-3921
Email: pperry@rms-law.com

Harold Friedman, Esq. Bar No. CT 23785
Blair A. Jones, Esq. Bar No. CT 24542
Attorneys for Defendant
MTD Products, Inc.
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center
P.O. Box 4726
Portland, ME 04112
Telephone:   207-761-0900
Facsimile:  207-761-0186
E-mail:  HFriedman@FGWL-LAW.com
         Bjones@FGWL-LAW.com

_Christopher Licari_

Christopher M. Licari, Esq., Bar No. CT 11654
Attorney for Plaintiffs
Licari & Walsh
105 Court Street
New Haven, CT 06511
Telephone:  203-752-1450
Facsimile:  203-752-1401
E-mail: clicari@licari-walsh.com

---

[1] The plaintiff maintains that the doctrine of parental immunity precludes the jury from considering any conduct on the part of the plaintiff's parents, *see, e.g., Crotta v. Home Depot, Inc., et al.*, 249 Conn. 634 (1999).  This proposed charge is offered in the event the defendant claims some third party other than the plaintiff's parents contributed to the injury or in the event the court disagrees with the plaintiff's position on the effect of the parental immunity doctrine.
[2] See footnote 1.

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726