C2cv954rspobj 29

FILED

2003 NOV -6  P 4: 23

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW MONTEITH, JR. PPA<br>CERENE MONTEITH<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>MTD PRODUCTS, INC.<br><br>　　　　　Defendant | )<br>)<br>)<br>)<br>)　Civil Action No. 302CV00954 DJS<br>)<br>)　November 6, 2003<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION
TO EXHIBIT #29, VIDEO TAPE OF ACCIDENT MOWER**

THE Defendant, MTD Products, Inc., by and through counsel, responds to Plaintiffs' Objection to Exhibit No. 29, the video tape of the accident mower, as follows:

**FACTS**

On May 9, 1999 Andrew Monteith, Sr., the father of Plaintiff herein, was mowing his lawn with an MTD lawn mower. During the course of mowing his lawn, he was approached by his son, Andrew Monteith, Jr., the Plaintiff herein, and asked if he would give the Plaintiff a ride on the lawn mower. He refused and the Plaintiff left the immediate area of the lawn mower. A short time later, as Andrew Monteith, Sr. continued to mow the

lawn, he saw, over his left shoulder, his son running toward the lawn mower. Just as his son neared the lawn mower, the Plaintiff slid feet first toward the mowing deck. Plaintiff's left foot slid under the mowing deck and then Andrew Monteith, Sr. attempted to turn the key to the mower off. By the time the mower was turned off, however, Andrew Monteith had made contact with the mower blade with his left foot.

## DISCUSSION

The Plaintiff indicates, on the one hand, that he does not object to the use of the exhibit at issue herein for demonstrative purposes as a supplement to the testimony of its liability expert, as opposed to a substantive exhibit. It is not exactly clear what this objection means, so in support of the exhibit and in an effort to ensure that the Defendant is not limited in the use of this exhibit in question, the Defendant asserts that the video tape of the accident mower is admissible as evidence in this case.

**I.    THE VIDEO TAPE IS ADMISSIBLE AS A RELEVANT DEPICTION OF THE CONDITION OF THE LAWN MOWER AT THE TIME OF THE EXAMINATION BY THE DEFENDANT'S EXPERT AND FOLLOWING THE ACCIDENT.**

The video tape in question was taken on December 10, 2002 during the Defendant's expert's examination of the subject lawn mower.

**A.    The plaintiff bears the burden of proving that the lawn mower was in substantially the same condition at the time of the accident as when it left the manufacturer.**

In a products liability case, the plaintiff bears the burden of proving that the product was expected to and did reach the consumer without substantial change in condition. It is incumbent upon the plaintiff to prove that the defect existed at the time it left the manufacturer's possession and that it existed at the time of the accident. Restatement (2nd) of Torts § 402A; *Potter v. Chicago Pneumatic Tool Company*, 241 Conn. 199, 694 A2d 1319 (1997). Evidence of the condition of the lawn mower after the accident is relevant to the question of what the condition of the mower was at the time of the accident.

F.R.E. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In this case, the video tape is evidence documenting that the condition of the lawn mower on the date of the accident (and the date of the inspection) was not the same as it was when it left the care, control and custody of MTD. Therefore, the depictions on the video tape make it more probable that the lawn mower was not in the same condition on the date of the accident as it was when it left the care, custody and control of MTD than it would be without the evidence. Therefore the evidence is relevant. F.R.E. 402 indicates that "all relevant evidence is admissible …."

### B. The video tape depicts the condition of the mower, which was a part of the basis of the Defendant's expert's opinions.

The inspection of the mower by the Defendant's expert, Mr. Plamper, assisted him in forming his opinions.

Mr. Plamper examined the lawn mower and utilized information he gleaned from his examination to formulate the opinions he will be offering in this case. Reference to a video tape that demonstrates the facts, conditions and bases for his opinions is relevant and will assist the trier of fact in understanding his opinions. The evidence is therefore relevant under F.R.E. 401 and F.R.E. 402. Additionally, under F.R.E. 703, "facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial affect." First, it is argued that the video tape evidence is admissible as discussed above. In the alternative, if the Court determines that the video tape is inadmissible, then the video tape is still able to be shown to the trier of fact since the probative value of the evidence is that it supports and demonstrates the bases for Mr. Plamper's opinions. It is clearly documentation of the conditions he observed in making his opinions. There is no prejudicial effect of the evidence against Plaintiffs; the video tape is a depiction of the lawn mower described in Plaintiffs' Complaint. Plaintiff has not come forward with a single example or description

of the prejudice which would occur if the video tape was shown to the trier of fact.  The evidence will clearly be helpful to the jury and will not cause any undue prejudice to the Plaintiffs and the video tape should, therefore, be admitted.

WHEREFORE, the Defendant prays the Court deny Plaintiffs' Motion to Exclude the Admission of Exhibit 29, the video tape of accident mower, in the trial of this case.

RESPECTFULLY SUBMITTED,
MTD PRODUCTS, INC.

_____
Putnam H. Perry, Esq. Bar No. ct14257
Rome McGuigan Sabanosh, P.C.
One State Street, 13th Floor
Hartford, CT  06103
Telephone: (860) 549-1000
Facsimile: (860) 724-3921
E-mail:pperry@rms-law.com
Its Attorney

Harold Friedman, Esq., Bar No. ct23785
Friedman Gaythwaite Wolf & Leavitt
Six City Center, P.O. Box 4726
Portland, ME  04112
Telephone:   207-761-0900
Facsimile:  207-761-0186
E-mail:HFriedman@FGWL-LAW.com

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a copy of Defendant's Response to Plaintiff's Objection to Exhibit #29, An Environmental Safety Notice, has been sent via first-class, postage prepaid, mail on November 6, 2003, to the following:

Christopher M. Licari, Esq.
LICARI & WALSH, LLC
105 Court Street
New Haven, CT  06511

_____
Putnam H. Perry, Esq.

364629