02cv954(r-pobj)23

FILED

2003 NOV -6 P 4: 23

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW MONTEITH, JR. PPA<br>CERENE MONTEITH | )<br>)<br>) | |
| Plaintiffs | )<br>) | Civil Action No. 302CV00954 DJS |
| v. | )<br>) | |
| MTD PRODUCTS, INC. | )<br>) | November 6, 2003 |
| Defendant | )<br>)<br>) | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION
### TO EXHIBIT #23, AN ENVIRONMENTAL SAFETY NOTICE

THE Defendant, MTD Products, Inc., by and through counsel, responds to Plaintiffs' Objection to Exhibit No. 23, Environmental Safety Notice, as follows:

### FACTS

On May 9, 1999 Andrew Monteith, Sr., the father of the Plaintiff herein, was mowing his lawn with an MTD lawn mower. During the course of mowing his lawn, he was approached by his son, Andrew Monteith, Jr., the Plaintiff herein, and asked if he would give the Plaintiff a ride on the lawn mower. He refused and the Plaintiff left the immediate area of the lawn mower. A short time later, as Andrew Monteith, Sr. continued to mow the

lawn, he saw, over his left shoulder, his son running toward the lawn mower. Just as he neared the lawn mower, the Plaintiff slid feet first toward the mowing deck. Plaintiff's left foot slid under the mowing deck and Andrew Monteith, Sr. attempted to turn the key to the mower off. By the time the mower was turned off, however, Andrew Monteith had made contact with the mower blade with his left foot.

Andrew Monteith, Sr. owned the lawn mower at the time of the accident. He obtained the lawn mower from his father, James Monteith, who bought the machine at a Lowe's Home Store. The lawn mower was sold with various documents related to the lawn mower, including, but not limited to, an owner's manual and an environmental safety notice.

## DISCUSSION

The Plaintiff objects to Exhibit 23, the Environmental Safety Notice, on the grounds of relevance, arguing that the alleged defect and other issues in the case have nothing to do with any environmental safety issue.

I.   **The Environmental Safety Notice is relevant as part of the package materials sold with the lawn mower.**

One of the significant issues in this case will be what the parents of the Plaintiff knew about the lawn mower prior to the accident. The lawn mower was sold with certain written materials, including the Environmental Safety Notice and Owner's Operator Manual and other documents, all of which contained information related to the machine. A

substantial portion of the written materials were instructions on use of the machine and warnings about potential dangers. In evaluating what the parents knew about the lawn mower, it is relevant to introduce evidence of what materials were provided with the machine, what materials were available to the parents and which materials they read in order to educate themselves about the safe use of the mower.

The Environmental Safety Notice, although it does not have instructions or warnings regarding the safe use of the lawn mower, is a document that was delivered with the lawn mower. If the evidence regarding the Environmental Safety Notice suggests that the parents received the notice but never read it, the jury may infer that the parents didn't read other materials they received with the lawn mower, which may have included significant information that, had they read and understood such, would have prevented this accident. If the evidence presented suggests that the parents did receive the Environmental Safety Notice and did read and understand the Environmental Safety Notice, the jury may infer that they also read and understood warnings and instructions presented to them in other parts of the documentation they received with the lawn mower, which had they followed, would have prevented this accident.

Therefore, the evidence is relevant because it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, as defined by Federal Rule of Evidence 401.

WHEREFORE, the Defendant prays the Court deny Plaintiffs' Motion to Exclude the Admission of Exhibit 23, the Environmental Safety Notice, in the trial of this case.

                    RESPECTFULLY SUBMITTED,
MTD PRODUCTS, INC.

_____
Putnam H. Perry, Esq. Bar No. ct14257
Rome McGuigan Sabanosh, P.C.
One State Street, 13th Floor
Hartford, CT  06103
Telephone: (860) 549-1000
Facsimile: (860) 724-3921
E-mail: pperry@rms-law.com
Its Attorney

Harold Friedman, Esq., Bar No. ct23785
Friedman Gaythwaite Wolf & Leavitt
Six City Center, P.O. Box 4726
Portland, ME  04112
Telephone:   207-761-0900
Facsimile:  207-761-0186
E-mail:HFriedman@FGWL-LAW.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Defendant's Response to Plaintiffs' Objection to Exhibit #23, An Environmental Safety Notice, has been sent via first-class, postage prepaid, mail on November 6, 2003, to the following:

Christopher M. Licari, Esq.
LICARI & WALSH, LLC
105 Court Street
New Haven, CT  06511

_____
Putnam H. Perry, Esq.

364628