UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 OCT 18  A 11: 59

U.S. DISTRICT COURT

| | |
|---|---|
| ANDREW MONTEITH, JR. PPA | ) |
| CERENE MONTEITH | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| MTD PRODUCTS, INC. | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |

Civil Action No. 302CV00954 TPS

October 13, 2004

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### JURY INSTRUCTION # 1

### BURDEN OF PROOF

In this case, the burden rests upon the plaintiffs to prove the necessary allegations of the complaint by a fair preponderance of the evidence. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913); *Fay v. Hartford and Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). It is not the responsibility or duty of the defendant to disprove any of those allegations. If you do not find that a fact alleged by the plaintiffs has been proven by a fair preponderance of the evidence, you do not find it to have been proven at all, and you are not to consider it in reaching your verdict. The burden of proof imposed by law upon the plaintiffs requires that you remove from your consideration such matters as are mere guesses or speculations. *Donovan v. Connecticut Company,* 84 Conn. 531, 534, 80 A. 779 (1911). You are not at liberty to surmise, speculate or guess as to the material facts of this case. *Fay v. Hartford and*

1

*Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). They must be proven to you by a fair preponderance of the evidence. If it happens that the evidence as to any fact or issue is evenly balanced so that you cannot say that it inclines either one way or the other, there would be no fair preponderance of the evidence as to the fact in issue, and you would not find it to have been proven by the plaintiff. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913).

**JURY INSTRUCTION #2**

**<u>CORPORATIONS AS DEFENDANTS</u>**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations like the defendants are entitled to the same fair trial at your hands as any private individual. The defendant corporations should be given the same fair and equal treatment as you would give to any individual. All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice. Wright & Daly, *Connecticut Jury Instructions* §231(e).

## JURY INSTRUCTION #3

## <u>SYMPATHY OR PITY</u>

You have been chosen and sworn as jurors in this case to decide the issues of fact and to apply the law to those facts as the court gives the law to you in these instructions. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Were you, for example, to deny a plaintiff recovery simply because of her physical appearance, or were you to impose liability upon a defendant simply because it is a corporation, you would shirk your sworn duty under the law. The court, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict free from personal sympathies or prejudice. *Gigliotti v. United Illuminating Co., 151* Conn. 114, 121, 193 A.2d 718 (1963).

## JURY INSTRUCTION #4

## PRODUCT LIABILITY

The claim the plaintiff makes in this case is that the defendant is liable to him under the Connecticut Product Liability Act. In order to prove a claim under the Connecticut Product Liability Act, the plaintiff must prove all of the following things:

(1) the defendant was a "product seller," within the terms of the statute;

(2) the product was in a defective condition unreasonably dangerous to the consumer or user;

(3) the defect caused the injury for which compensation is sought;

(4) the defect existed at the time of sale; and

(5) the product was expected to and did reach the consumer without substantial change in condition.

Restatement (Second) of Torts §402A; *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn 199, 694 A.2d 1319 (1997). *Vitanza v. Upjohn Co*, 257 Conn. 365, 374; 778 A.2d 829, 836-837 (2001).

**Product seller**

The parties have stipulated, or agreed, that the defendant is a product seller.

**Existence of a defect**

The condition that the plaintiff claims is a product defect is that the lawn mower design did not include a guard to prevent a child from sliding his foot under the mowing deck and coming into contact with the blade. In order to prove that the product was defective, the plaintiff must prove that the condition that is claimed to be a defect made the product unreasonably dangerous. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn 199, 694 A.2d 1319 (1997); Conn. Civil Jury Instructions Product Liability ¶5-1. In

5

determining whether there was a defect or not you are instructed that a condition is

unreasonably dangerous so as to constitute a defective condition when it is so dangerous

that a reasonable person would not sell the product if he knew of the risks involved.

*Welch v. Outboard Marine Corp.,* 481 F.2d 252, 253 (5th Cir. 1973). To put it another

way, a product is unreasonably dangerous if it is dangerous to an extent beyond that

which would be contemplated by the ordinary consumer who purchases it with the

ordinary knowledge common to the community as to its characteristics. *Wagner v. Clark

Equipment Co., Inc.,* 243 Conn. 168, 189, 700 A.2d 38 (1997); *Potter v. Chicago

Pneumatic Tool Co.,* 241 Conn. 199, 214-15, 694 A.2d 1319 (1997); *Welch v. Outboard

Marine Corp.,* 481 F.2d at 253; *Slepski v. Williams Ford, Inc.,* 170 Conn. 18, 20, 364 A.

2d 175 (1975); Restatement (Second) of Torts §402A, Comment i.

The plaintiff claims, in effect, that an ordinary consumer would expect that there

would be a guard preventing a child from sliding his foot under the mowing deck and

coming into contact with the blade. In determining what an ordinary consumer would

reasonably expect, you should consider the usefulness of the product, the likelihood and

severity of the danger posed by the design, the feasibility of an alternative design, the

financial cost of an improved design, the ability to reduce the product's danger without

impairing its usefulness or making it too expensive, and the feasibility of spreading the

loss by increasing the product's price and such other factors as the claimed defect indicate

are appropriate. *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. at 220, 221 n.15; 694

A.2d at 1333, 1333 n.15; Conn. Civil Jury Instructions Product Liability ¶5-1.

A product seller, under Connecticut law, is not subject to product liability unless

the plaintiff establishes by fair preponderance of the evidence that the product was

6

defective and unreasonably dangerous at the time of sale. *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. at 215, 221 n.15; 694 A.2d at 1330, 1333 n.15. Thus, the seller of a product does not guarantee that no one will ever be injured while using its product, and a product seller is not liable for injuries simply because those injuries occurred during the use of its product. Product liability is not absolute liability. *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. at 210; 694 A.2d at 1328. All that a seller is required to do is to make a product that is free from defective and unreasonably dangerous conditions at the time of the sale. *Guglielmo v. Klausner Supply Co.,* 158 Conn. 308, 316, 259 A.2d 608 (1969).

In deciding whether the plaintiffs have established, by a fair preponderance of the evidence, that the MTD lawn mower was in a defective and unreasonably dangerous condition at the time of sale, you are instructed that you may not conclude that the product was defective from the mere fact that an accident happened for which the plaintiffs claim damages. Product-related accidents may occur even in the absence of defect. The defendants are under no duty to sell products that are accident-proof. In addition, I instruct you that, if you find that the product was used without incident for a considerable amount of time, you may infer that the product was not defective at the time it was sold or manufactured. This inference can be negated only if you find that the plaintiff has proven, by a fair preponderance of the evidence, that the defect in question in fact existed at the time the lawn mower was manufactured by the defendant. *Liberty Mutual Insurance Co. v. Sears, Roebuck & Co.,* 35 Conn. Sup. 687, 693, 406 A.2d 1254, 1257 (Conn. App. Ct. 1979), *cert. denied,* 177 Conn. 754 (1979). American Law of Products Liability 3d., §§ 3:12, 3:15, 3:16 (Ed. 1987). Products Liability: *Proof,*

*Under Strict Tort Liability Doctrine, That Defect Was Present When Product Left Hands of Defendant,* 54 A.L.R.3d 1079, §2 [b]. Therefore, unless the plaintiff establishes, by a fair preponderance of the evidence, that the product was in a defective condition unreasonably dangerous at the time the defendants originally sold the product and parted with possession of it, you must return your verdict for the defendants. *Slepski v. Williams Ford, Inc.,* 170 Conn. 18, 20, 364 A. 2d 175 (1975); *Welch v. Outboard Marine Corp.,* 481 F.2d 252, 254 (5th Cir. 1973); *VanDorpe v. Koyker Farm Implement Co.,* 427 F.2d 91, 94 (9th Cir. 1970); *Elliott v. LaChance,* 109 N.H. 481, 256 A.2d 153, 156 (1969); *Cortois v. General Motors,* 37 N.J. 525, 182 A.2d 545, 554 (1962).

If you find that the lawn mower in this case was in a dangerous condition, you must, then, determine whether the lawn mower was unavoidably dangerous. If you find that the lawn mower was unavoidably dangerous, and that the defendant provided warnings and/or instructions that were adequate to warn users of the danger and how to avoid it, then the plaintiff has not proven that the lawn mower was unreasonably dangerous. *Vitanza v. Upjohn Co*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837 (2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.,* 486 A.2d 712, 721 (D.C. App. Ct. 1985).

In determining whether the lawn mower is unavoidably dangerous, you should consider whether, in the state of human knowledge at the time of the manufacture of the lawn mower, there was an adequate way to render the mower safe for its intended use without impairing its usefulness. Restatement (Second) of Torts 402A comment k. In this case, you must decide whether there was an adequate, feasible way to guard against a child sliding his foot under the mowing deck and coming into contact with the mowing

blade, without making the mower less functional; that is, less effective at cutting grass. If you find that there is no feasible way to guard against a child sliding his foot under the deck and coming into contact with the blade without making the mower less functional, then you must find that the mower is unavoidably dangerous. Restatement (Second) of Torts 402A comment k.

You should also consider that the defendant has asserted a defense to the plaintiff's claims in this case called "state of the art".

State of the art is defined as the level of scientific and technological knowledge existing at the time the product in question was designed for manufacture. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 247 694 A.2d 1319, 1347 (Conn. 1997). In designing or producing a product, a manufacturer cannot be held to standards which exceed the limit of scientific advances and technology that exist at the time of manufacture. A manufacturer cannot be charged with the duty to incorporate technology that was not available at the time that it manufactured its product. State-of-the-art evidence is based on technology that existed at the time the product was placed on the market rather than at the time of the injury or at the time of trial.

Under Connecticut law, state of the art is a valid defense to claims based on failure to warn as the law does not impose an obligation on the defendant to warn users of unknown risks. *Tomer v. American Home Products Corp.*, 170 Conn. 681, 687, 368 A.2d 35 (1976).

In addition, under Connecticut law, you may consider the state-of-the art in determining whether a product is defective and unreasonably dangerous due to a

defective design. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. at 247; 694 A.2d at 1347; 2 American Law of Products Liability 3d. § 30:50.

Thus, if you find that the defendants' lawn mower was designed and manufactured in accordance with the state of the art existing at the time of manufacture, then the lawn mower is not defective due to lack of warning and you must find for the defendants on that claim. On the other hand, if you find that they had actual knowledge of problems in the design and failed to warn of the danger, then they may be held liable with respect to the claim of failure to warn.

Likewise, if you find that the defendants' lawn mower was designed and manufactured in accordance with the state of art existing at the time of manufacture, then this is a valid factor to be considered in determining the reasonableness of the design or whether the product was dangerous beyond the expectations of the ordinary consumer, or whether the mower was unavoidably dangerous. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. at 247; 694 A.2d at 1347; 2 American Law of Products Liability 3d. §30:50.

If you find that the mower was unavoidably dangerous, you must decide whether the defendant provided warnings or instructions adequate to warn users of the danger and avoid it. If you find that the warnings were adequate, then the plaintiff has not met his burden of proving that the product was defective. *Vitanza v. Upjohn Co*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837(2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.*, 486 A.2d 712, 721 (D.C. App. Ct. 1985). If you find that the mower was unavoidably dangerous, but that the defendant failed to provide warnings, or that the warnings provided were not adequate, then you may find that the plaintiff has met his burden of proving that the product was defective.

In determining whether the defendant adequately warned of the danger, I instruct you that there is no dispute that the defendant in this case did provide warnings and instructions for the lawn mower involved in this case. You must decide whether those warnings and instructions were adequate. The plaintiff claims that the defendant did not provide adequate warnings or instructions to advise users of the product that they would have to do certain things to avoid being injured by using the product. Failure to provide adequate warnings or instructions, where they are necessary, constitutes a product defect for which a product seller is liable under the Connecticut Product Liability Act. _Haesche v. Kissner_, 229 Conn. 213, 218, 640 A.2d 89, 92 (1994); _Tomer v. American Home Products Corp._, 170 Conn. 681, 689, 368 A.2d 35(1976); _Giglio v. Connecticut Light & Power Co._, 180 Conn. 230, 235, 429 A.2d 486 (1980).

You must decide whether a warning was necessary and, if it was, whether the warning was adequate. In deciding whether a warning was necessary, you may consider:

- the likelihood that the product would cause the harm suffered by the plaintiff;
- the ability of the product seller to anticipate, at the time the product seller put the product into the stream of commerce, that the expected product user would be aware of the risks involved in using the product and the nature of the potential harm;
- the technological feasibility and cost of warnings and instructions

Conn. Gen. Statutes § 52-572q(a).

A product seller has a duty to warn of hidden dangers in the use of a product in the ordinary, customary way. A product seller also has a duty to warn of dangers that may result from misuses of a product if the misuse is of a type that the product seller

11

reasonably should foresee.  Conn. Gen. Statutes § 52-572q; Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller does not have a duty to provide a warning as to a danger that is obviously involved in the customary, ordinary use of the product or that is obviously present if the product is misused.    Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller is not liable for failure to warn of risks that were not known to it or that it could not reasonably have foreseen at the time it put the product into the stream of commerce.    Conn. Civil Jury Instructions Product Liability ¶5.2.

Where the product seller has provided a warning, it may only be liable if the warning provided is not adequate to advise the ordinary user of the nature and extent of any danger associated with the reasonably anticipated use, or with the reasonably anticipated misuse of the product.  In assessing whether the warning that has been provided is adequate, you should consider whether the danger is one that is obvious to a user and whether the warning is placed with proper prominence in relation to the risk to which the warning applies.  To be adequate, a warning must be devised to communicate with the person best able to take or recommend precautions against the potential harm.  Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller that provides an adequate warning is entitled to presume that such a warning will be heeded by the user, and if the product is safe for use so long as the warning is heeded, the product is not defective.  Conn. Civil Jury Instructions Product Liability ¶5.2.

A product seller is not liable for failure to provide a warning if the plaintiff is aware of the danger. *Haesche v. Kissner*, 229 Conn. 213, 222, 640 A.2d 89, 93 (1994); Conn. Civil Jury Instructions Product Liability ¶5.2.

**Absence of substantial change**

As I have instructed you, the plaintiff must prove, by a fair preponderance of the evidence, that the feature or condition that is claimed to be a defect or to make the product defective, existed at the time that the product left the defendant, and that the product was expected to reach the user without substantial change in condition as to the feature claimed to be a defect, that the product did, in fact, reach the ultimate user without substantial modification, and that the same feature or condition existed, without substantial alteration, at the time of the accident. *Brodie v. Connecticut Company,* 87 Conn. 363, 364, 87 A. 798 (1913); *Fay v. Hartford and Springfield Street Ry. Co.,* 81 Conn. 330, 335, 71 A. 364 (1908). It is not the responsibility or duty of the defendant to disprove this, or any other allegation. If you do not find that the plaintiff has proven this allegation by a fair preponderance of the evidence, you do not find it to have been proven at all, and you are not to consider it in reaching your verdict. The burden of proof imposed by law upon the plaintiff requires that you remove from your consideration such matters as are mere guesses or speculations. *Donovan v. Connecticut Company,* 84 Conn. 531, 534, 80 A. 779 (1911). Conn. Gen. Stat. §52-572p(a); *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 233-34, 694 A.2d 1319 (1997).

A product seller is not liable if another person alters the product in a way that creates a defect, unless the product seller expected or reasonably should have expected such an alteration to occur.    Conn. Gen. Stat. §52-572p(a).

13

If you find that the plaintiff has failed to prove that the product was not modified or altered, and that the modification or alteration was not the sole proximate cause of the injury to the plaintiff, the plaintiff may still be entitled to recover, but only if he proves that the alteration or modification was 1) in accordance with the product seller's instructions or specifications, 2) was made with the product seller's consent or 3) was the result of conduct that the product seller reasonably should have anticipated. Conn. Gen. Stat. §52-572p.  If the plaintiff fails to prove that the product was not modified, or that it was modified, but was modified in one of the three ways I have just described, then the plaintiff has not met his burden of proving that the lawn mower was defective, and you must find for the defendant.

If the plaintiff proves that the product was altered or modified, but that the alteration or modification was not the sole proximate cause of the harm to the plaintiff, and proves that the feature claimed to be a defect was also a cause, then the defendant would be liable to the plaintiff only to the extent of the harm caused by the defect, even though the alteration or modification also played a part in causing the harm.  Conn. General. Stat. §52-572o-52-572p; Conn. Civil Jury Instructions Product Liability-Misuse of Product ¶5-4;

## JURY INSTRUCTION #5

## PRODUCT LIABILITY – MISUSE OF A PRODUCT

The defendant has raised the defense that the harm suffered by the plaintiff was caused by misuse of the lawn mower. Specifically, the defendant alleges that the plaintiff's injuries and losses were caused by the improper use of the lawn mower by the parents in failing to follow warnings and instructions regarding its use, as well as failing to avoid an obvious danger that was known to them. If you find that the parents' misuse of the lawn mower was the proximate cause of plaintiff's damages, then the defendants are not legally responsible for those injuries, and you should return your verdict for the defendants. General Statutes §52-572l; *Norrie v. Heil* Co., 203 Conn. 594, 600-601, 525 A.2d 1332 (1987).

A person misuses a product if he uses it in a manner or for a purpose that is beyond or outside the normal use for which the product was designed or intended and that was not reasonably foreseeable to the seller. *Hoelter v. Mohawk Service, Inc.*, 170 Conn. 495, 517, 365 A.2d 1064 (1976).

A person also misuses a product if he uses it in a manner than is contrary to the warnings or instructions provided with the product. A seller of a product has the right to expect that users or consumers will read and follow instructions pertaining to the use thereof, and the failure to follow clear and unambiguous instructions and warnings is itself a misuse of the product which absolves the defendant of liability. *Vitanza v. Upjohn Co.*, 257 Conn. 365, 374-375, 778 A.2d 829, 836-837(2001) (citing Restatement (Second) of Torts 402A comment k); *Payne v. Soft Sheen Prods.*, 486 A.2d 712, 721 (D.C. App. Ct. 1985).

**JURY INSTRUCTION # 6**

**LEGAL CAUSE**

If you find that the defendant's product was defective in the way alleged in the plaintiff's complaint, you must next decide if the defective product was a legal cause of any of the plaintiff's claimed damages. Legal cause has two components: cause in fact and proximate cause. *Doe v. Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (1989).

## JURY INSTRUCTION #7

### <u>CAUSE IN FACT</u>

A cause in fact is an actual cause. The test for cause in fact is simply, "Would the injury have occurred were it not for the defendant's defective product?" *Doe v. Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (Conn. 1989).   If your answer to this question is "yes," then the defendant's defective product was not a cause in fact of the plaintiff's injuries. *Shaughnessy v. Morrison,* 116 Conn. 661, 666, 165 A.2d 553 (1933).

## JURY INSTRUCTION #8

### PROXIMATE CAUSE

A defective product is a proximate cause of an injury if it was a substantial factor in bringing the injury about. Conn. Civil Jury Instructions Proximate Cause-Definition ¶2.31; *Pilon v. Alderman*, 112 Conn. 300, 301, 152 A.157 (1930).

### SUBSTANTIAL FACTOR:

A defective product is a substantial factor in bringing about an injury if it contributes materially to the production of the injury. Conn. Civil Jury Instructions Proximate Cause-Substantial Factor ¶2.32; *Smiroff v. McNerney*, 112 Conn. 421, 424-26, 356 A.2d 91 (1930); *Coogan v. Aeolian Co.*, 87 Conn. 149, 156, 87 A. 563 (1913), *Mahoney v. Beatman*, 110 Conn. 184, 198-99, 174 A. 762 (1929).

A defective product contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury, or at least until the setting in motion of the final active injurious force which immediately produces or precedes the injury. *Ferndale Dairy, Inc. v. Geiger,* 167 Conn. 533, 538, 356 A.2d 91 (1975). By this definition, something which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the injury. *Smiroff v. McNerney*, 112 Conn. 421, 424-26, 152 A.2d 399 (1930).

**PROXIMATE CAUSE – MULTIPLE CAUSES:**

Under the definitions I have given you, a defective product can be a proximate cause of an injury if it is not the only cause, or even the most significant cause of the injury, provided it contributes materially to the production of the injury, and thus is a substantial factor in bringing it about. Conn. Civil Jury Instructions Proximate Cause-Multiple Causes ¶2.33; *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936); *Mahoney v. Beatman*, 110 Conn. 184, 197, 147 A.2d 762, 767 (1929); Restatement (Second) of Torts § 439. Therefore, when a defendant's defective product design combines together with one or more other causes to produce an injury, it may be a proximate cause of the injury only if its contribution to the production of the injury, in comparison to all other causes, is material or substantial. *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936).

When, however, some other cause (or causes) contribute(s) so powerfully to the production of an injury as to make the defendant's contribution to the injury merely trivial or inconsequential, the defendant's contribution must be rejected as a proximate cause of the injury, for it has not been a substantial factor in bringing the injury about. *Boileau v. Williams*, 121 Conn. 432, 440, 185 A.2d 429, 432 (1936). In this case, the defendant asserts that it did not legally cause the plaintiff's injury because another cause, proceeding entirely from an independent source, intervened to produce that injury after the defendant's own alleged act(s) had already occurred. In particular, the defendant claims that the plaintiff's injury was legally caused by the plaintiffs' parents' allowing the plaintiff to play near and around the lawn mower during operation, notwithstanding warnings and instructions against such practice, and their failure to follow warnings and

instructions regarding the safe use of the lawn mower and failure to prevent the plaintiff from playing near or around the operating lawn mower.

## PROXIMATE CAUSE – INTERVENING CAUSE:

Conduct can be a proximate cause of an injury, even if it is not the nearest or the most immediate cause of the injury. Thus, when the act of a third person or some other intervening cause operates actively to produce the injury after the defendant's act or omission has been committed, the defendant's act or omission is a proximate cause of the injury only if the following, two part test is satisfied:

First, the defendant's conduct must have been a substantial factor in bringing about the plaintiff's injury. That is, as I previously instructed you, a defective product is a substantial factor in bringing about an injury only if it contributes materially to the production of the injury.

Second, the plaintiff's injury must have been harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated. To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a plaintiff need not prove that the defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, the plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the defendant's position should have anticipated, in view of what the defendant knew or should have known at the time of the negligent conduct. In deciding whether the plaintiff's injury was reasonably foreseeable, you should consider, as I previously instructed you, that a product seller that provides an adequate warning is

entitled to presume that such a warning will be heeded by the user, and if the product is safe for use so long as the warning is heeded, injury would not occur. *Fleming v. Garnett*, 231 Conn. 77, 86, 646 A.2d 1308 (1994) (citing *Doe v. Manheimer*, 212 Conn. 748, 758 (1989)); Conn. Civil Jury Instructions Proximate Cause-Intervening Causes ¶2.34.

## JURY INSTRUCTION #9

## <u>DAMAGES</u>

If you find that the plaintiff has proven his case under the laws which I have given you then you may award damages. You should not consider the fact that I am instructing you on the subject of damages as any indication from me that you should award damages. I am merely instructing you on the law in the event you do find the defendant liable in this case. It is for you to decide whether the plaintiff has proven their case and established liability for the defendant, and you should not be influenced in any way by my instructing you on damages. If you do find the plaintiff has proven his case under the laws which I have given you, then, the plaintiff is entitled to recover only fair, just, and reasonable compensation. It is not proper for you, the jury, in considering the question of damages, to attempt to be generous or punitive rather than fair and reasonable. *Rosa v. American Oil Company,* 129 Conn. 585, 589-90, 30 A.2d 385 (1943).

The rule of damages is as follows: Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendant's proven defective product. Conn. Civil Jury Instructions Damages ¶2.40(a). Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for its conduct, but to compensate the plaintiff for his resulting injuries and losses, should you find the defendant liable. *Id.* You must attempt to put the plaintiff in the same position, as far as money can do it, that he would have been in had he not been injured by defendant's defective product. *Id.*

22

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he has the burden of proving his entitlement to recover damages by a fair preponderance of the evidence. *Preston v. Keith*, 217 Conn. 12, 14, 584 A.2d 439 (1991); Conn. Civil Jury Instructions Damages ¶2.40(a). To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which he seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence. Conn. Civil Jury Instructions Damages ¶2.40(a). You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. *Id.* Your decision must be based on reasonable probabilities in light of the evidence presented at trial. *Id.* Injuries and losses for which the plaintiff should be compensated include those he has suffered up to and including the present time and those he is reasonably likely to suffer in the future as a proximate result of the defendant's conduct. *Id.* The defendant's conduct, as I previously instructed you, is only a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about. *Id.*

Once the plaintiff has proven the nature and extent of his compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. Conn. Civil Jury Instructions Damages ¶2.40(a). There is often no mathematical formula in making this determination. *Id.* Instead, you must use human experience and apply sound common sense in determining the amount of your verdict. *Id.*

In a products liability action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Conn. Civil Jury Instructions Damages ¶2.40(a). Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendant's defective product. *Id.* They are awarded for such things as the cost of reasonable and necessary medical care. *Id.* Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's defective product. *Id.* They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's pleasures. *Id.*

I will now instruct you more particularly on economic damages. In this case, the plaintiff seeks to recover economic damages for his medical bills.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's conduct. The plaintiff must prove that the expenses he claims were reasonably necessary and were proximately caused by the defendant's defective product. Conn. Civil Jury Instructions Damages ¶2.40(a).

In determining the amount of damages that you should award, I instruct you that the plaintiff bears the burden of proving his damages, and your award must not be based upon speculation or conjecture. *Preston v. Keith*, 217 Conn. 12, 14, 584 A.2d 439 (1991);

24

Let me now turn to noneconomic damages. In this case, the plaintiff seeks to recover noneconomic damages for each of the following type of non-monetary losses or injuries: pain and suffering, loss of the enjoyment of life's pleasures and permanent impairment.

A plaintiff who is injured by the defective product of another is entitled to be compensated for all physical pain and suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he proves by a fair preponderance of the evidence to have been proximately caused by the defendant's defective product. Conn. Civil Jury Instructions Damages ¶2.40(a). As far as money can compensate the plaintiff for such injuries and their consequences, you may award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he/she enjoys. Conn. Civil Jury Instructions Damages ¶2.40(a).

A person who has been injured or suffered a loss has a duty to exercise reasonable care to reduce the extent of the injuries or damages resulting from the injury and to take such steps as are reasonable to effect a cure or a reduction of their severity. If you find that that plaintiff could have reduced his damages by using reasonable care to promote recovery and prevent aggravation of his injury, then the damages you award to the plaintiff should be reduced because of plaintiff's failure to reduce damages. Conn. Gen.

Stat. § 52-572(o); *Preston v. Keith*, 217 Conn. 12, 15-16, 584 A.2d 439 (1991); *Lynn v.*

*Haybuster Manufacturing Co.*, 226 Conn. 282, 292-93, 627 A.2d 1288 (1993).

**Defendant reserves the right to amend or supplement jury instructions.**

RESPECTFULLY SUBMITTED,
MTD PRODUCTS, INC.


Joseph B. Burns, Esquire, Bar No.CT00403
Attorney for Defendant MTD Products, Inc.
Rome, McGuigan, Sabanosh, PC
One State Street, 13th Floor
Hartford, CT 06103
Telephone: 860-549-1000
Facsimile: 860-724-3921
E-mail: jburns@rms-law.com


Harold Friedman, Esq., Bar No. CT23785
Blair A. Jones, *Pro Hoc Vice*
Attorneys for Defendant MTD Products, Inc.
Friedman Gaythwaite Wolf & Leavitt
Six City Center, P.O. Box 4726
Portland, ME 04112
Telephone: 207-761-0900
Facsimile: 207-761-0186
E-mail: hfriedman@fgwl-law.com

CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendant's Proposed Jury Instructions was mailed on this date to the following:

*10/18/04*

Christopher M. Licari, Esquire
LICARI & WALSH, LLC
Attorneys for Plaintiffs
105 Court Street
New Haven, Connecticut 06511

Blair A. Jones, *Pro Hoc Vice*
Attorney for Defendant MTD Products, Inc.
Friedman Gaythwaite Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, Maine 04112
Telephone: 207-761-0900
Facsimile: 207-761-0186
E-mail: bjones@fgwl0law.com